UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

BRADLEY PETERSON and DAWN
PETERSON,

    Plaintiffs,

v.

DEUTSCHE BANK NATIONAL TRUST
COMPANY, BAC HOME LOAN
SERVICING LP, RECON TRUST, NA, a
California corporation, MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS,
INC., a Delaware corporation, and
CHRISTINE BALANDRAN,

    Defendants.

Civ. No. 3:12-cv-476-AA

OPINION AND ORDER

Gregory P. Dolinajec
3735 SE Clay Street
Portland, OR 97214
    Attorney for plaintiffs

1    - OPINION AND ORDER

Gregory A. Chaimov
Kevin H. Kono
Davis Wright Tremaine LLP
1300 SW Fifth Ave., Suite 2400
Portland, OR 97201-5630
    Attorneys for defendants

Aiken, Chief Judge:

Plaintiffs brings this action for wrongful foreclosure against defendants Deutsche Bank National Trust (Deutsche Bank) as trustee for the HSI Asset Securitization Corporation Trust 2006-HE2; BAC Home Loan Servicing LP (BAC); ReconTrust Company N.A. (ReconTrust); Mortgage Electronic Registration Systems, Inc. (MERS); and Christine Balandran. Plaintiffs' claims arise from the nonjudicial foreclosure of their property on January 23, 2012. Plaintiffs contend that the trustee sale of their property was unauthorized and void under the Oregon Trust Deed Act (OTDA). See Or. Rev. Stat. § 86.705 *et. seq.* Defendants move to dismiss the complaint with prejudice for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). Defendants argue that plaintiffs are precluded from challenging the trustee sale and that the sale was valid and complied with all requirements of the OTDA.

Defendants' motion is granted with respect to plaintiffs' claim against Balandran and denied with leave to renew in all other respects. In light of this Court's recent certification of questions to the Oregon Supreme Court, plaintiffs' remaining claims are stayed.

## I. Factual Background

Except where otherwise noted, the following facts are take from plaintiffs' Complaint and accepted as true and construed in the light most favorable to plaintiffs for purposes of this motion. Wilson v. Hewlett-Packard Co., 668 F.3d 1136, 1140 (9th Cir. 2012).

On or about August 3, 2006, plaintiffs financed the purchase of their property with a loan in the amount of $349,950.00 from Paramount Equity Mortgage (Paramount), as evidenced by a promissory note (Note). A Deed of Trust (DOT) to the property secured plaintiffs' repayment obligations under the Note. The DOT identifies Paramount as the "Lender," plaintiffs as the "Borrower," and MERS as the "beneficiary" of the DOT, acting "solely as a nominee for Lender and Lender's successors and assigns." Kono Decl. Ex. A at 1. The DOT also provides:

> Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this [DOT], but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this [DOT].

Id. Ex. A at 3. The DOT further states that "[t]he Note or a partial interest in the Note (together with [the DOT]) can be sold one or more times without prior notice to Borrower." Id. Ex. A at 11.

Plaintiffs allege that "the ownership of their mortgage loan and the beneficial interest under the Deed of Trust was transferred several times on the MERS data base without compliance with Oregon law and without notice to plaintiffs." Compl. ¶ 6.

In 2009, plaintiffs had difficulty making their mortgage payments. Plaintiffs were contacted by BAC and made good faith attempts to "engage BAC in negotiations to modify the terms of their loan." Compl. ¶ 7.

On March 17, 2010, MERS as "beneficiary" assigned the DOT to Deutsche Bank, and Deutsche Bank appointed ReconTrust as a successor trustee. Kono Decl. Exs. B, C. The assignment of the DOT and the appointment of successor trustee were signed by defendant Balandran as "Assistant Secretary" for MERS and Deutsche Bank, respectively.

Also on March 17, 2010, ReconTrust executed a Notice of Default (NOD) and Election to Sell. Dolinajec Decl. Ex. A.

On January 25, 2011, ReconTrust rescinded the NOD "by reason of the default being cured" and "removed, paid, and overcome so that said Trust Deed should be reinstated." Id. Ex. E.

On April 20, 2011, ReconTrust again issued a NOD and notified plaintiffs of their right to meet with their lender. Kono Decl. Ex. D. Plaintiffs requested such a meeting but never met with the lender or servicer.

Plaintiffs allege that BAC fraudulently represented that it was the loan servicer for Bank of America and that Bank of America was plaintiffs' lender. BAC also represented that it possessed the authority to enter into a Loan Modification Agreement. Plaintiffs attempted to negotiate the terms of a loan modification, though BAC was not responsive and lost submitted documents.

In December 2011, BAC informed plaintiffs that its "investor" had rejected plaintiffs' loan modification application because plaintiffs did not meet the "criteria." Compl. ¶ 14. BAC did not explain why plaintiffs did not meet the criteria or describe the relevant criteria.

On January 23, 2012, plaintiffs' property was sold at a trustee's sale, and the property reverted to Deutsche Bank.

On February 13, 2012, plaintiffs filed suit in Clackamas County Circuit Court and defendants removed the action to this Court. Defendants now move to dismiss plaintiffs' claims.

On April 2, 2012, this Court certified the following four questions to the Oregon Supreme Court pursuant to Or. Rev. Stat. § 28.200 and L.R. 83-15(a):

1. May an entity such as MERS, that is neither a lender nor successor to a lender, be a "beneficiary" as that term is used in the Oregon Trust Deed Act?

2.  May MERS be designated as beneficiary under the Oregon Trust Deed Act where the trust deed provides that MERS "holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests"?

3.  Does the transfer of a promissory note from the lender to a successor result in an automatic assignment of the securing trust deed that must be recorded prior to the commencement of nonjudicial foreclosure proceedings under ORS 86.735(1)?

4.  Does the Oregon Trust Deed Act allow MERS to retain and transfer legal title to a trust deed as nominee for the lender, after the note secured by the trust deed is transferred from the lender to a successor or series of successors?

See Brandrup v. ReconTrust Co., Civ. No. 3:11-cv-1390-HZ (D. Or. Apr. 2, 2012) (doc. 20). To date, the Oregon Supreme Court has not issued a decision regarding the certified questions.

## II. Discussion

In addition to other claims, plaintiffs allege that MERS was not a proper beneficiary of the DOT under the OTDA and that unrecorded assignments of the DOT occurred each time the Note was transferred. Plaintiffs seek a declaratory judgment that the trustee sale was null and void and quieting title to the property in their favor.

At the time of the foreclosure in this case, four conditions must have been met to proceed with nonjudicial foreclosure under the OTDA. First, "[t]he trust deed, any assignments of the trust deed by the trustee or the beneficiary and any appointment of a successor trustee" must have been recorded in the county where the property is located. *Former* Or. Rev. Stat. § 86.735(1) (2009). The OTDA defines "beneficiary" as the "person named or otherwise designated in a trust deed as the person for whose benefit a trust deed is given, or the person's successor in interest." Id. § 86.705(1). Second, there must have been a default of an obligation secured by the trust deed. Id. § 86.735(2).

5    - OPINION AND ORDER

Third, the trustee or beneficiary must have filed a notice of default and election to sell the property. Id. § 86.735(3). Lastly, no other action may have been instituted to recover the debt secured by the trust. Id. § 86.735(4). Plaintiffs allege that the trustee sale in this case did not comply with the recording requirements of § 86.735(1).

As a threshold matter, defendants argue that all of plaintiffs' claims must be dismissed because plaintiffs have not alleged an ability to cure their default and are barred from challenging a completed trustee sale. See Or. Rev. Stat. §§ 86.742(3) (debtors alleging defective notice must present evidence of an ability to cure the default), 86.770(1) (trustee sale conducted under OTDA "forecloses and terminates the interest in the property that belongs to a person to which notice of the sale was given"). I disagree.

A purpose of the OTDA is to "'counterbalance the foreclosure advantages given [to] the creditor . . . . The creditor is favored only as long as he follows the statute.'" James v. ReconTrust Co., N.A., 2012 WL 653871, at *5 (D. Or. Feb. 29, 2012) (quoting Ronald Brady Tippetts, Note, *Trust-Deed History in Oregon*, 44 OR. L. REV. 149, 150 (1965)). The OTDA thus "'represents a well-coordinated statutory scheme to protect grantors [borrowers] from the unauthorized foreclosure and wrongful sale of property, while at the same time providing creditors with a quick and efficient remedy against a defaulting grantor. . . without the necessity for judicial action.'" Id. (quoting Staffordshire Inv., Inc. v. Cal–Western Reconveyance Corp., 209 Or. App. 528, 542, 149 P.3d 150 (2006)). Accordingly, a creditor's failure to comply strictly with the statutory process outlined in the OTDA is generally fatal to any nonjudicial foreclosure proceeding. "[T]here is nothing in the language of that section or, indeed, elsewhere in the Act, to indicate that the legislature intended the auction to be final *in the absence of legal authority to sell the property.*" Staffordshire, 209 Or. App.

at 542, 149 P.3d 150 (emphasis in original); see also id. at 543 & n.8, 149 P.3d 150. In other words, absent compliance with the preconditions set forth in § 86.735, there is no authority to foreclose by advertisement and sale under the OTDA.

Consequently, I do not find plaintiffs' alleged inability to cure the default sufficient grounds to dismiss this action in its entirety. See Hooker v. Nw. Tr. Servs., Inc., 2011 WL 2119103, *4 (D. Or. May 25, 2011) (noting that default does not permit or excuse OTDA violations). Despite defendants' argument to the contrary, Or. Rev. Stat. § 86.742(3), requiring evidence of financial ability to cure a default, does not apply where a plaintiff challenges the authority to pursue nonjudicial foreclosure; rather, that provision applies when a plaintiff alleges the failure to give notice of a foreclosure sale.

For the same reasons, the completion of the trustee sale does not bar plaintiffs' claims. In Staffordshire, the court found that the failure to comply with a condition precedent to nonjudicial foreclosure was grounds to invalidate a foreclosure sale. Staffordshire, 209 Or. App. at 543, 149 P.3d 150 ("We see no basis for holding that a foreclosure sale entered into in violation of this statutory prohibition should be enforced."); see also In re Names, 2011 WL 1837819, at *4 (Bankr. D. Or. May 13, 2011) ("This case is different. Here, all of the preconditions for the trustee's authority to sell were met."). The case cited by defendants is inapposite. See, e.g. Bell v. ReconTrust Co., N.A., Civ. No. 6:11-cv-6390-HO (D. Or. Feb. 29, 2012) ("The foreclosure was not caused by any wrongdoing on the part of defendants (nor is there even any appropriate statement of claim of violation of the OTDA with respect to the non-judicial foreclosure...."). Regardless, I find defendants' arguments unpersuasive in light of the underlying purpose of the OTDA. Thus, § 86.770 and completion of the trustee sale does not bar plaintiffs' claims challenging the validity of the sale.

Plaintiffs argue that MERS was not a proper beneficiary, because it had no interest in the underlying Note and the DOT was not granted for MERS' benefit.[1] Consequently, if MERS was not a valid beneficiary, it could not assign the DOT to Deutsche Bank, and Deutsche Bank was not authorized to appoint ReconTrust as successor trustee. Plaintiffs also allege that their loan was transferred several times within the MERS database, and that conveyances of the Note resulted in assignments of the DOT that should have been recorded prior to foreclosure. Defendants counter that the language of the DOT designates MERS as the beneficiary and grants MERS the authority to exercise all rights of the lender, thus rendering MERS a valid beneficiary under the OTDA. Defendants also argue that MERS held the DOT as beneficiary until it was assigned to Deutsche Bank, and that transfers of the Note did not result in assignments of the DOT.

Aside from MERS' status as beneficiary, this case raises serious questions regarding whether transfers of the Note resulted in assignments of the DOT under Oregon law. To date, neither the Oregon Court of Appeals nor the Oregon Supreme Court has addressed whether MERS may serve as beneficiary of a DOT or whether transfers of a note result in assignments of the securing trust deed that must be recorded prior to nonjudicial foreclosure. This Court has attempted to resolve these issues, without consensus. See, e.g., James, 2012 WL 653871; Reeves v. ReconTrust Co., 2012 WL 652681 (D. Or. Feb. 28, 2012); Beyer v. Bank of Am., 800 F. Supp. 2d 1157 (D. Or. 2011); Hooker,

---

[1] MERS is an electronic system that "tracks the transfer of the 'beneficial interest' in home loans, as well as any changes in loan servicers." Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1038-39 (9th Cir. 2011). Its members are composed of mortgage lenders, banks, insurance companies, and title companies, all of whom pay a yearly fee. Burgett v. Mortg. Elec. Registration Sys., Inc., 2010 WL 4282105, at *2 (D. Or. Oct. 20, 2010). Each member lender appoints MERS as its agent for each mortgage or trust deed it registers with the system, and MERS is listed as the lender's nominee or beneficiary of record when the trust deed is first recorded in the appropriate county's recording office. Id.; Cervantes, 656 F.3d at 1039. MERS is not a lender and generally possesses no interest in the loan or note secured by a trust deed.

2011 WL 2119103; Burgett v. Mortg. Elec. Registration Sys., Inc., 2010 WL 4282105 (D. Or. Oct. 20, 2010). Ultimately, this Court certified four questions to the Oregon Supreme Court to resolve these important issues of Oregon law. See supra at 4-5.

The parties' primary arguments raise questions similar to those certified. Therefore, I find it appropriate to stay plaintiffs' claims pending a decision by the Oregon Supreme Court. If certification is declined, defendants may renew their motion.

However, I decline to stay plaintiffs' claim against Balandran in her individual capacity for wrongful foreclosure. Plaintiffs submit no authority to allow a wrongful foreclosure claim against an alleged employee and representative of a DOT beneficiary based on actions performed on behalf of the beneficiary. Accordingly, plaintiffs' claim against Balandran is dismissed.

## Conclusion

For the reasons set forth above, defendants' Motion to Dismiss (doc. 8) is GRANTED with respect to plaintiffs' claim against Balandran and DENIED in all other respects with leave to renew. This case is STAYED pending a decision by the Oregon Supreme Court regarding the certified questions.

IT IS SO ORDERED.

Dated this 18th day of May, 2012.

_____
Ann Aiken
United States District Judge

9    - OPINION AND ORDER